UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY L. YOUNG, III, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-940 DRL-MGG |
| WILLIAM HYATTE *et al.*, | |
| Defendants. | |

## OPINION & ORDER

On November 5, 2020, Jerry L. Young, III, a prisoner at Miami Correctional Facility, filed a complaint against Warden William Hyatte, Officer Workman, Officer Risch, and the Indiana Department of Corrections. His complaint alleged violations of the Eighth Amendment and a host of other state law claims arising out of an incident that took place on July 27, 2019.

On January 4, 2021, Warden Hyatte and the Indiana Department of Corrections filed a motion to dismiss. Mr. Young filed an amended complaint on January 25, 2021. The amended complaint eliminated the Indiana Department of Corrections as a defendant. On February 15, 2021, Officers Workman and Risch filed an answer to the amended complaint, and Warden Hyatte filed another motion to dismiss for failure to state a claim. The court now grants this motion to dismiss.

## BACKGROUND

These facts emerge from the well-pleaded factual allegations in his first amended complaint. On July 27, 2019, at Miami Correctional Facility, Mr. Young's cellmate vomited in their cell. Correctional staff removed Mr. Young from the cell and transported him to a nearby common area. Without warning or justification, he says Officer Workman ordered Mr. Young to shut up, placed him in handcuffs behind his back, and pulled his shirt over his face. Officers Workman and Risch then transported Mr. Young out of the cell block to place him in a segregation unit.

While they were in transit, Officer Workman allegedly began to abuse Mr. Young—he pulled Mr. Young's handcuffed arms behind his back and slammed Mr. Young's face onto a concrete sidewalk. Officer Risch didn't intervene. This incident resulted in injuries to Mr. Young's torso, ribs, shoulder, head, and face. Warden Hyatte didn't observe the incident. Mr. Young says Warden Hyatte has reviewed other use of force reports and inmate grievances and was aware of these sorts of incidents occurring at Miami Correctional Facility. Mr. Young says guard-on-inmate violence is "endemic" at the facility.

## STANDARD

In reviewing the motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Mr. Young seeks to hold Warden Hyatte liable for the officers' alleged Eighth Amendment violations based on a theory of supervisory liability. Mr. Young is also pursuing claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent or willful and wanton conduct against Warden Hyatte. Warden Hyatte argues that Mr. Young's claims against him should be dismissed in their entirety. Warden Hyatte says the federal claim fails because Mr. Young

hasn't sufficiently alleged that Warden Hyatte was personally involved in the incident; and the state claims must be dismissed because he is immune from individual liability under the Indiana Tort Claims Act (ITCA).[1] The court addresses each argument in turn.

> A. *Warden Hyatte Wasn't Personally Involved in the Alleged Conduct.*

Warden Hyatte says Mr. Young's first amended complaint doesn't sufficiently allege that he was personally involved in the violation of Mr. Young's constitutional rights. Mr. Young brings his constitutional claim against Warden Hyatte under 42 U.S.C. § 1983, which provides a cause of action against every person who, under color of law, subjects or causes to be subjected any citizen of the United States to the deprivation of any rights secured by the Constitution of the United States.

"An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A supervisor won't be liable without "a showing of direct responsibility for the improper action[.]" *Id.* Individuals will only be liable for their own misconduct, unless they are responsible for creating the peril that leads to the constitutional violation. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Richman v. Sheahan*, 512 F.3d 876, 885 (7th Cir. 2008). A supervisor "must know about the conduct and facilitate it, condone it, or turn a blind eye for fear of what they might see. They must act either knowingly or with deliberate, reckless indifference." *Mayes v. City of Hammond, IN*, 442 F. Supp.2d 587, 634 (N.D. Ind. 2006) (quoting *Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988)).

Mr. Young hasn't alleged that Warden Hyatte knew about the conduct that took place on July 27, 2019. He hasn't alleged that Warden Hyatte facilitated or condoned this specific conduct. Instead, he says Warden Hyatte knew these officers had a practice of using excessive force against inmates;

---

[1] Additionally, Warden Hyatte argues that 42 U.S.C. § 1983 does not create a *respondeat superior* claim for liability and, to the extent Mr. Young asserts any *Monell* claims, such claims are barred (ECF 14 at 5-8). In response, Mr. Young concedes that these claims aren't actionable (ECF 15 at 5 n.2). The court deems such claims abandoned.

and, despite his knowledge of this practice, Warden Hyatte condoned and ignored their behavior in a manner that amounted to approval. These are threadbare recitals of the elements for a § 1983 claim based on deliberate indifference that, standing alone, cannot survive a motion to dismiss.

Mr. Young cites thirteen cases involving allegations of excessive force at Miami Correctional Facility. Each of these cases were filed by *pro se* plaintiffs. Notably, Warden Hyatte was only a named defendant in six of the cases; and, in all six cases, the court dismissed the claim brought against Warden Hyatte acting in his individual capacity.[2] These cases thus do little to support Mr. Young's position and largely weigh in favor of the opposite result—that Warden Hyatte should once again be dismissed. Even if these actions made Warden Hyatte more aware of complaints at Miami Correctional Facility about excessive force, they don't show that he has been deliberately indifferent to it.

Also, in his response to Warden Hyatte's motion to dismiss, Mr. Young includes two WFYI-FM Indianapolis articles, which discuss problems of violence and chaos at Miami Correctional Facility (ECF 15-1; ECF 15-2).[3] The first article accuses Warden Hyatte of not caring about the well-being of the facility's correctional officers, but it doesn't say Warden Hyatte deliberately ignored violence at the facility (ECF 15-1 at 3 ("[eight former employees who left Miami] said Miami's leadership, including

---

[2] *See Taylor v. Hyatte*, 2021 U.S. Dist. LEXIS 7828, 4 (N.D. Ind. Jan. 14, 2021) (Leichty, J.) (dismissing claim against Warden Hyatte for failure to protect); *Rollins v. Becker*, 2020 U.S. Dist. LEXIS 226412, 3 (N.D. Ind. Dec. 2, 2020) (Leichty, J.) ("Warden Hyatte was not personally involved in the incident and cannot be held liable simply because he oversees the operation of the prison or supervises other correctional officers"); *Carson v. Hyatt*, 2020 U.S. Dist. LEXIS 184110, 3 (N.D. Ind. Oct. 5, 2020) (DeGuilio, C.J.) (dismissing Warden Hyatte because he "had no obligation to intervene"); *Hobson v. Emery*, Case No. 3:18-CV-552 DRL-MGG, ECF 9 at 3 (N.D. Ind. Oct. 18, 2018) (Simon, J.) (unavailable on Lexis) (dismissing claim based on theory of supervisory liability against Warden Hyatte because there was no allegation of personal involvement); *Greer v. Coffin*, 2020 U.S. Dist. LEXIS 108260, 3 (N.D. Ind. June 19, 2020) (DeGuilio, C.J.) (dismissing Warden Hyatte because the plaintiff hadn't alleged that "Warden Hyatte was personally involved or participated in the incident"); *Fisher v. Hyatte*, 2020 U.S. Dist. LEXIS 103561, 3 (N.D. Ind. June 12, 2020) (DeGuilio, C.J.) ("complaint does not suggest that Warden Hyatte was personally involved in the allegations, so [plaintiff] may not proceed against him on a claim for money damages").

[3] Though these articles weren't attached to Mr. Young's first amended complaint, he is free to include these additional documents in his response to Warden Hyatte's motion to dismiss because they are consistent with his complaint. *See Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). In reply, Warden Hyatte doesn't argue otherwise.

warden Bill Hyatte, didn't care about their wellbeing"); *id.* at 5 ("former staff said warden Hyatte and other prison leaders ignored officers' welfare")). In a similar way, the second article blames staffing issues on Warden Hyatte (ECF 15-2 at 3 ("staff members . . . blamed much of the outflow [custody staff dropping from 375 to 266] on prison management"). Generalized opinions about problems with staff management don't amount to deliberate indifference toward officer-caused violence.

Furthermore, to the extent the articles discuss violence, they focus on problems caused by the prisoners, not the correctional officers (ECF 15-1 at 3 ("Violence, they said, is nearly an everyday occurrence. Prisoners stab each other and attack employees.")). "Prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another." *Farmer v. Brennan*, 511 U.S. 825, 858 (1994) (Thomas, J., concurring). The risk of violence at Miami Correctional Facility doesn't imply that the correctional officers are using excessive force against the prisoners. In addition, Mr. Young hasn't alleged facts to show that Warden Hyatte turned a blind eye to an officer's unlawful use of force. The court dismisses the § 1983 claim against Warden Hyatte.

B.      *Warden Hyatte is Immune from the State Tort Claims under the Indiana Tort Claims Act.*

Warden Hyatte says he is immune from the state tort law claims. Under the Indiana Tort Claims Act, "[a] lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." Ind. Code § 34-13-3-5(c). Furthermore, "[t]he complaint must contain a reasonable factual basis supporting the allegations." *Id.*

Mr. Young filed this lawsuit against Warden Hyatte, a public employee, in his individual capacity. Warden Hyatte argues that none of Mr. Young's allegations fit within the five descriptions provided in Ind. Code § 34-13-3-5(c). Mr. Young says his amended complaint sufficiently alleges willful and wanton conduct on the part of Warden Hyatte. "The elements of willful or wanton

5

misconduct are: (1) the defendant must have knowledge of an impending danger or consciousness of a course of misconduct calculated to result in probable injury; and (2) the actor's conduct must have exhibited an indifference to the consequences of his conduct." *Ellis v. City of Martinsville*, 940 N.E.2d 1197, 1205 (Ind. Ct. App. 2011) (internal quotation marks and citation omitted). "[T]he willful and wanton standard is similar to the deliberate indifference standard analyzed in the context of [a] § 1983 claim." *Steele v. Knight*, 2016 U.S. Dist. LEXIS 169016, 38 (S.D. Ind. Dec. 7, 2016) (Magnus-Stinson, J.) (citing *Conley v. Birch*, 796 F.3d 742, 746 (7th Cir. 2015)).

Mr. Young hasn't sufficiently alleged that Warden Hyatte acted with deliberate indifference with regard to the officers' conduct. His conclusory allegations in the complaint don't suffice. *See Iqbal*, 556 U.S. at 663. The thirteen other prisoner cases and the two WFYI-FM Indianapolis articles perhaps show that Warden Hyatte was generally aware of violent incidents occurring at Miami Correctional Facility; however, they don't provide a factual basis for Warden Hyatte knowing that officers were using excessive force against prisoners or show that he acted deliberately indifferent here. All of this to say: Mr. Young hasn't alleged that Warden Hyatte acted willfully and wantonly. The court thus dismisses the state law claims against Warden Hyatte.

## CONCLUSION

The court DENIES AS MOOT the original motion to dismiss (ECF 9) addressed to the old complaint. The court GRANTS Warden Hyatte's motion to dismiss Mr. Young's first amended complaint as against him only (ECF 13). This order terminates Warden William Hyatte as a defendant. The case proceeds only against Officer Workman and Officer Risch.

SO ORDERED.

August 23, 2021                               *s/ Damon R. Leichty*
                                              Judge, United States District Court